**In re ADWAR VIDEO CORP., Debtor.**

**TN COMMUNICATIONS CORPORATION,
Plaintiff,**

v.

**ADWAR VIDEO CORP., Defendant.**

**Bankruptcy No. 82 B 10264 (EJR).
Adv. No. 82–6109 A.**

United States Bankruptcy Court,
S.D. New York.

April 10, 1984.

Frank & Frank, New York City, for plaintiff.

Platzer & Fineberg, New York City, for debtor.

**DECISION AND ORDER ON MOTIONS FOR PAYMENT OF ADMINISTRATIVE EXPENSE AND REJECTION OF LEASE NUNC PRO TUNC**

EDWARD J. RYAN, Bankruptcy Judge.

On February 10, 1982, Adwar Video Corp. (Adwar) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code and was continued in possession of its property.

On October 3, 1979, Adwar entered into a telephone and communications rental and service contract with T.N. Communications Corporation (TN). The contract was amended on November 29, 1979 and March 14, 1980 to provide additional telephone equipment. Paragraph 13 of the contract provides in relevant part:

> If the lessee should fail to observe or perform any of its obligations under this rental agreement, and such default is not remedied by the lessee within ten days, ... then, upon seven days notice in writing, by registered or certified mail, by T.N. to the lessee, the whole of the rental for the balance of the then current five-years period and all other accounts owing to T.N. hereunder shall immediately become due and payable and shall constitute liquidated damages.

On April 9, 1981, TN exercised its rights under this clause by sending Adwar a certified letter declaring the entire amount due and owing. Presumably, this was the basis

of the proof of claim filed by TN on March 16, 1982 in the sum of $12,243.92.

On September 17, 1982, TN commenced an adversary proceeding in this court by filing a summons and complaint seeking to reclaim its equipment. Thereafter, a tentative settlement was reached, and a stipulation was circulated. The stipulation, however, was never executed. Nevertheless, Adwar made payments for the use of the equipment from February 10, 1982, the date of filing, to March 31, 1983.

On March 31, 1983, Adwar moved to a new location but did not take the TN equipment with it. Adwar notified TN that it should pick up the equipment, which TN did on the day Adwar moved. No rejection of the lease was made or requested at that time.

By order to show cause dated April 1, 1983, TN seeks an order of this court fixing TN's claim in the amount of $8,301.24 as an administration expense. The amount was thereafter reduced to $7,065.81. The difference is the salvage value of the repossessed equipment. Subsequently, on September 6, 1983, Adwar filed a notice of motion seeking an order *nunc pro tunc* approving its rejection of the unexpired lease as of March 31, 1983, the date TN repossessed the property.

A hearing was held before this court on October 7, 1983. Both motions must be, and hereby are, denied.

Claims for administrative expense priority are governed by §§ 507(a)(1) and 503(b). Section 507(a)(1) grants first priority to administrative expenses allowed under 503(b). Section 503(b)(1)(A) allows administrative expenses for "the actual, necessary costs and expenses of preserving the estate ... after commencement of the case." In *In re Standard Furniture Co.*, 3 B.R. 527 (Bkrtcy.S.D.Cal.1980), a landlord in a Chapter 7 proceeding claimed administrative expense priority for rent that had accrued on real property from the filing of the petition to the date of the rejection of the lease. The court held that the estate was liable for rent as an administrative expense only for the period of "actual" occupation and use, denying any allowance for rent as an administrative expense after the trustee had vacated the premises. *See, also, Matter of Kessler*, 23 B.R. 722 (Bkrtcy.S.D.N.Y.1982) ("Administrative expenses are to be judged by the actual value received by the estate.").

Since actual use is a prerequisite, TN is not entitled to an administration expense priority for the period after it reclaimed its property. The only period for which TN might have been able to claim administrative expense priority was from the date of filing to the date of reclamation. TN has already been compensated for this period. Consequently, TN has no claim entitled to administration expense priority.

In its motion to reject the lease nunc pro tunc Adwar argues that its voluntary surrender of the equipment to TN operated as a rejection of the lease. The cases cited by Adwar do not support this argument. A reading of 365(a) in conjunction with 365(d)(2) makes it clear that court approval is mandatory before an unexpired lease can be rejected in a Chapter 11 proceeding. Notice, even in the form of surrendering the property, will not constitute a rejection. There is nothing in the record to indicate why an order was not requested at the time of the surrender; nor does Adwar give any persuasive reason why it is now necessary to reject the lease *nunc pro tunc*. Therefore, the debtor's motion is denied.

It is so ordered.